UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
ELISEE CHERY, :
:
                   Plaintiff, : **MEMORANDUM**
: **DECISION ON**
   -against- : **MOTIONS *IN LIMINE***
: **AND OBJECTIONS TO**
TOWN OF ENFIELD, : **EXHIBITS AND**
: **WITNESSES**
                  Defendant. :
------------------------------------------------------------------ x   3:19-CV-1952 (VDO)

**VERNON D. OLIVER**, United States District Judge:

As discussed during the pretrial conference held on October 1, 2024 before this Court, the Court rules on the motions *in limine* and objections to witnesses and exhibits as follows.

**I.**    **MOTIONS IN LIMINE**

    **A.**    **Plaintiff's Motion *in Limine* at ECF No. 118**

Plaintiff's motion *in limine* to preclude Defendant from "introducing evidence that contradicts or supplements Defendant's proffered reasons for terminating Plaintiff's employment beyond the reason articulated by Defendant in Court filings" at ECF No. 118 is **DENIED**.

As Defendant correctly points out in its opposition, nowhere in Defendant's Answer does Defendant admit any facts regarding the reasons for terminating Plaintiff's employment. Moreover, Plaintiff's reliance on Defendant's Local Rule 56(a) Statement is misplaced because judicial admissions only arise where facts are admitted in a pleading and, in any event, the cited paragraphs in the Defendant's Local Rule 56(a) Statement do not purport to set forth the reasons for Plaintiff's termination.

By seeking to preclude Defendant from providing additional or conflicting evidence to support its reason(s) for Plaintiff's termination, Plaintiff is, in effect, improperly asking the Court to weigh the sufficiency of the evidence to support a particular claim or defense. However, "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court[.]" *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 622 (2d Cir. 1999).

B.     **Defendant's Motion *in Limine* at ECF No. 129**

Defendant's motion *in limine* at ECF No. 129 to preclude Plaintiff "from offering any testimony, evidence or expert opinions regarding any diagnoses of adjustment disorder with mixed anxiety and depressed mood, and chronic post-traumatic stress disorder and/or that any such diagnoses are causally related to the incidents which are the subject matter of this action" is **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

Defendant's motion in limine as to Plaintiff's Exhibit 102 is **granted**. Plaintiff may offer Exhibit 102 for the limited purpose of demonstrating that he sought mental health treatment after his termination, and not as evidence of any diagnoses, prognosis, or of causation, since Plaintiff's treater, Gladys Anderson, is not available for cross-examination. Accordingly, Plaintiff shall redact from Exhibit 102 any mention of a diagnosis or prognosis for inclusion in the finalized set of exhibits.

Because Anderson has passed away and Plaintiff never sought to designate her as an expert, Defendant's *Daubert* motion is **denied as moot**.

### C.     Defendant's Motion *in Limine* at ECF No. 130

Defendant's motion to preclude Plaintiff from offering any testimony, argument, and/or evidence by the 23 newly disclosed witnesses at trial is **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

Under Federal Rule of Civil Procedure 37(c)(1), a party's non-compliance with the disclosure requirements of Rule 26 generally results in the preclusion of improperly disclosed witnesses, unless the Court finds that the non-compliance was "harmless." When evaluating whether to preclude witness testimony, the Court considers "the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness(es); (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999).

Considering these four factors, the Court concludes that Plaintiff's non-compliance with the Rule 26(a) disclosure requirements was not "harmless" and thus, preclusion is necessary under Fed. R. Civ. P. 37(c)(1). Plaintiff's argument in opposition that new counsel was retained in November 2023 upon which further investigation was made into additional witnesses is not a sufficient explanation for his failure to comply with Rule 26(a), as Plaintiff nevertheless had the last ten months to supplement his initial disclosures. Plaintiff also argues in his responses to Defendant's objections to Plaintiff's witness list that he identified these 23 witnesses in supplemental IEDP responses and/or responses to Defendant's interrogatories. However, these actions do not erase Plaintiff's non-compliance with Rule 26(a). Nor has Plaintiff reasonably explained why these late-disclosed witnesses' testimonies are important and not cumulative of the testimony of other witnesses Plaintiff intends to call at trial. Finally,

3

in light of the fact that trial is scheduled to proceed in two weeks, the delay in disclosing these witnesses prejudices Defendant.

Accordingly, the following four witnesses shall **not** be allowed to testify at trial: Lieutenant Podpolucha, Elvin Rodriguez, Jonathan Rodriguez, and Pastor Elijah Oliver. Plaintiff filed an updated witness list on September 30 that excludes the following witnesses: Sergeant Edgar J. Ferreras, Carthon Danzinger, Kevin Magdycz, Alex Peck, Lamarre Davidson, Eddie Paul, Tonie Brown, Eric Rodriguez, Marvin Riviera, Kenya Allen, Charles Carvines, Michelle Perry, Elizabeth Rivera-Pirela, Wallesca Rivera, Denis Blan, Levon Freeman, Ernest Landers, Jason Walker, and Joe Willis. Therefore, Defendant's motion *in limine* as to these nineteen witnesses is **denied as moot**.

### D. Defendant's Motion *in Limine* at ECF No. 131

Defendant's motion to preclude Plaintiff's Exhibits 104-159, 167-182, 192-216, and 235-238 on the basis of belated disclosure is **DENIED**. However, the Court makes the following additional findings regarding Defendant's objections to these exhibits:

- Defendant's objections to Exhibits 104, 117, and 119-159 are **overruled**. These exhibits are highly relevant and probative under Federal Rules of Evidence 401 and 403 as to whether Officer Roche was similarly situated to Plaintiff.

- Plaintiff states Exhibits 167-182 will not be presented to the jury. Accordingly, Defendant's objections to Exhibits 167-182 are **denied as moot**.

- Plaintiff states that he withdraws Exhibits 105, 106, and 192; therefore, Defendant's objections to these exhibits are **denied as moot**.

4

- Defendant's objections to Exhibits 193-216 are **sustained** except for Exhibits 197 and 216.

- Defendant's objection to Exhibit 237 is **sustained** except for the Bates-stamped pages ending in 2199 and 2200.

- Defendant's objection to Exhibit 238 is **sustained**. Hall's letter of reference does not provide any relevant or probative information related to Plaintiff's allegations, including his qualifications, in this case.

- The Court's Initial Discovery Protocols at ECF No. 5 delineate the categories of discovery the parties must produce in Initial Discovery, which include "Plaintiff's current resume(s)," and "[w]orkplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action." The Initial Discovery Protocols further provide that "[t]his Initial Discovery is not subject to objections except upon the grounds set forth in F.R.C.P. 26(b)(2)(B)." (ECF No. 5-2 at 2.) Therefore, Defendant's objections to Plaintiff's current resume (Exhibit 235) and the Town's Code of Ethics and Personnel Rules & Procedures (Exhibit 236) are **overruled**.

E. **Defendant's Motion *in Limine* at ECF No. 132**

For the reasons stated in the Court's decision overruling Defendant's objections to Plaintiff's Exhibits 167-182, *supra*, Defendant's motion *in limine* to preclude these Records Disposition Authorization Forms is **denied as moot**.

F. **Defendant's Motion *in Limine* at ECF No. 133**

Defendant's motion to preclude Plaintiff from presenting evidence of report-writing errors of non-similarly situated employees is **DENIED**.

Under the *McDonnell Douglas* framework, the plaintiff is permitted to discharge his burden through the use of direct or circumstantial evidence or a combination of both. While the evidence sought to be admitted generally must involve treatment of employees who are similarly situated to the plaintiff, *Abdu-Brisson v. Delta Air Lines, Inc.*, 94-CV-8494 (HB), 1999 U.S. Dist. LEXIS 16050, at *12-15 (S.D.N.Y. Oct. 19, 1999), this Court has allowed Plaintiff to proceed on his discrimination claims under the "cat's paw" theory of liability. *See* ECF No. 76 at 13-14. Under this theory, "an employee may hold his employer liable for the animus of a supervisor who was not charged with making the ultimate employment decision. . . . The cat's paw metaphor refers to a situation in which an employee is fired or subjected to some other adverse employment action by a supervisor who himself has no discriminatory motive, but who has been manipulated by a subordinate who does have such a motive and intended to bring about the adverse employment action." *Id.* (internal citations and quotation marks omitted).

Accordingly, although the Court finds that Officer Magagnoli and Plaintiff's FTOs were not similarly situated to Plaintiff because they were Plaintiff's supervisors during FTEP, based on the cat's paw theory of liability, Plaintiff may introduce evidence and/or testimony of report-writing errors committed by Officer Magagnoli or other FTOs at trial as circumstantial evidence of their discriminatory animus and/or intent.

### G.     Defendant's Motion *in Limine* at ECF No. 134

Defendant's motion to preclude Plaintiff from presenting evidence of stray remarks who were not directly involved in evaluating Plaintiff's performance is **GRANTED IN PART** and **DENIED IN PART**.

### 1.     Identified/Known Persons

In *Malarkey v. Texaco, Inc.*, 983 F.2d 1204 (2d. Cir. 1993), the Second Circuit affirmed the district court's decision to admit statements about a plaintiff made by non-decisionmakers within the time frame of the alleged discriminatory actions. The *Malarkey* Court held that it was within a district court's discretion to admit statements made by non-decisionmakers because they were probative of a "pervasive corporate hostility towards" the plaintiff "and supported her claim that she did not receive a promotion due to her employer's retaliatory animus." *Id.* at 1210. Additionally, even if the stray remarks were from a non-decisionmaker, it is possible that that the individual may have influenced the employees who were responsible in their decision to terminate Plaintiff.

The Court therefore finds that the probative value of stray remarks from FTOs or other *identified* Enfield police officers about Plaintiff is NOT outweighed by undue prejudice under Federal Rule of Evidence 403. Because the requested relief includes precluding remarks about the plaintiff during the time period at issue, the motion in limine is **denied** as to these individuals.

### 2.     Unknown Persons

Defendant's motion to preclude Plaintiff from presenting evidence of stray remarks from *unidentified* individuals is **granted without prejudice** to Plaintiff's identification at trial of the individuals to whom the remarks can be attributed.

### H.     Plaintiff's Motion *in Limine* at ECF No. 135

Plaintiff's motion to preclude Defendant's witnesses "from testifying as to their opinions regarding decisions made regarding Plaintiff's termination when such individuals and/or their observations were not part of the decision-making process leading to the

termination of Plaintiff's employment" at ECF No. 135 is **DENIED WITHOUT PREJUDICE**.

A lay witness may testify in the form of an opinion, provided such testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determinations of a fact in issue." Fed. R. Evid. 701. To the extent that Defendant elicits testimony from witnesses "that amounts to a naked speculation concerning the motivation for [the] adverse employment decision," Federal Rule of Evidence 701(b) bars such testimony. *See Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) (holding that the admission of opinion testimony as to the defendant's ultimate motivations was error). Defendant may elicit testimony from witnesses as to their opinions regarding Plaintiff's termination so long as they have personal knowledge of the facts that form the basis of their opinion and their testimony focuses solely on those objective facts. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (holding that Rule 701 allowed a former employee to opine at trial that age played a factor in the plaintiff's termination where the witness had been defendants' employee for almost twenty years, had worked directly under the named defendants, had been personally involved in the procedures that led to the plaintiff's termination, and had been present when the decision to terminate was made).

Since Plaintiff merely speculates about the scope and nature of Defendant's witness testimony at this time, Plaintiff's motion *in limine* **is denied without prejudice** to particularized renewal during trial.

I. **Defendant's Motion *in Limine* at ECF No. 136**

Defendant's motion to preclude "[P]laintiff from introducing testimony regarding Plaintiff's professional qualifications from individuals who did not work with Plaintiff at the Enfield Police Department" is **DENIED WITHOUT PREJUDICE**.

Pursuant to Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, a danger of unfair prejudice or needlessly presenting cumulative evidence. Under *McDonnell Douglas*, a plaintiff establishes a *prima facie* case of discrimination by showing that (1) he is a member of a protected class; (2) he is qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024). Because testimony about Plaintiff's prior employment is probative of whether he is qualified for the position at issue, and such testimony is not outweighed by a danger of unfair prejudice, Defendant's motion *in limine* is **denied without prejudice** to particularized renewal at trial.

## II. RULINGS ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS[1]

| EX. | DESCRIPTION | RULING |
|---|---|---|
| 2 | Benefit checklist for terminating employee – E. Chery | OBJECTION WITHDRAWN |
| 79 | 9/28/16 MPD Commendation – E. Chery | ORR |
| 94 | Sergeant Lefebvre Memo re Plaintiff's Expired Plates | ORR (subject to overcoming hearsay objection – business record) |
| 95 | Sergeant Parent's Affidavit iso Def's MSJ | SUS (unless used pursuant to FRE 613) |
| 97 | Plaintiff's Resume (as submitted for employment with EPD) | OBJECTION WITHDRAWN |
| 98 | MPD Record of Chery | ORR |
| 99 | 8/12/15 MPD Memo re Chery's Certification of Probation | ORR |
| 100 | 10/13/15 MPD Rating Form – Chery | ORR |
| 101 | 11/01/16 MPD Rating Form – Chery | ORR |
| 102 | Chery Therapy Records | SUS (subject to redaction or satisfaction of FRE 803(6) (A-E)) |
| 104 | Dennis Roche Job Application for EPD | ORR |
| 105 | Nicholas King Job Application and Resume for EPD | EX. WITHDRAWN |
| 106 | Kevin Ragion Job Application for EPD | EX. WITHDRAWN |
| 107 | List of EPD officers and demographics | ORR |
| 108 | 2016-17 Insurance Rates: Police Union | ORR |
| 109 | 2017-18 Insurance Rates: Police Union | ORR |
| 110 | 2018-19 Insurance Rates: Police Union | ORR |
| 111 | 2019-20 Insurance Rates: Police Union | ORR |
| 112 | Vanessa Magagnoli Salary Record | ORR |
| 113 | Keith Parent Salary Record | ORR |
| 114 | Steven Prior Salary Record | ORR |
| 115 | Nicholas King Salary Record | ORR |
| 116 | Kevin Ragion Salary Record | ORR |
| 117 | Dennis Roche Salary Record | ORR |
| 118 | Timothy Gerrish Salary Record | ORR |
| 119 | Roche Weekly Report: Week 1, Phase 1 | ORR |
| 120 | Roche Weekly Report: Weeks 2 & 3, Phase 1 | ORR |
| 121 | Roche Weekly Report: Weeks 4 & 5, Phase 1 | ORR |
| 122 | Roche Weekly Report: Weeks 8 & 9, Phase 2 | ORR |
| 123 | Roche Weekly Report: Weeks 11 & 12, Phase 2 | ORR |

---

[1] The Court uses the following abbreviations: EX. = exhibit, ORR = overruled and SUS = sustained.

| | | |
|---|---|---|
| 124 | Roche Weekly Report: Weeks 13 & 14, Phase 3 | ORR |
| 125 | Parent 12/11/17 Memo to (CC) Sferrazza re Roche | ORR |
| 126 | Roche 7/31/17 DOR | ORR |
| 127 | Roche 8/1/17 DOR | ORR |
| 128 | Roche 8/2/17 DOR | ORR |
| 129 | Roche 8/3/17 DOR | ORR |
| 130 | Roche 8/5/17 DOR | ORR |
| 131 | Roche 8/6/17 DOR | ORR |
| 132 | Roche 8/7/17 DOR | ORR |
| 133 | Roche 8/8/17 DOR | ORR |
| 134 | Roche 8/13/17 DOR | ORR |
| 135 | Roche 8/14/17 DOR | ORR |
| 136 | Roche 8/15/17 DOR | ORR |
| 137 | Roche 8/16/17 DOR | ORR |
| 138 | Roche 8/17/17 DOR | ORR |
| 139 | Roche 8/20/17 DOR | ORR |
| 140 | Roche 8/21/17 DOR | ORR |
| 141 | Roche 8/22/17 DOR | ORR |
| 142 | Roche 8/23/17 DOR | ORR |
| 143 | Roche 8/24/17 DOR | ORR |
| 144 | Roche 8/29/17 DOR | ORR |
| 145 | Roche 8/30/17 DOR | ORR |
| 146 | Roche 8/31/17 DOR | ORR |
| 147 | Roche 9/1/17 DOR | ORR |
| 148 | Roche 9/4/17 DOR | ORR |
| 149 | Roche 9/5/17 DOR | ORR |
| 150 | Roche 9/6/17 DOR | ORR |
| 151 | Roche 9/7/17 DOR | ORR |
| 152 | Roche 9/8/17 DOR | ORR |
| 153 | Roche 9/12/17 DOR | ORR |
| 154 | Roche 9/13/17 DOR | ORR |
| 155 | Roche 9/14/17 DOR | ORR |
| 156 | Roche 9/28/17 End of Phase 1 Evaluation Summary | ORR |
| 157 | Roche 10/20/17 End of Phase 2 Evaluation Summary | ORR |
| 158 | Roche 11/20/17 End of Phase 3 Evaluation Summary | ORR |
| 159 | Roche 11/5/17 End of Phase: Traffic Evaluation Summary | ORR |
| 166 | Mitigation Summary | SUS subject to redactions as to extraneous/irrelevant pages |
| 167 | 5/3/18 Records Disposition Authorization Form by Community Development | MOOT |
| 168 | 3/21/18 RDA Form by Town Clerk | MOOT |

| 169 | 5/9/17 RDA Form by Public Safety/Police | MOOT |
|---|---|---|
| 170 | 4/28/17 RDA Form by Town Manager | MOOT |
| 171 | 2/7/17 RDA Form by Town Manager | MOOT |
| 172 | 11/9/17 RDA Form by Town Manager | MOOT |
| 173 | 7/28/20 RDA Form by Dir. Of Development Services | MOOT |
| 174 | 1/17/20 RDA Form by Town Manager | MOOT |
| 175 | 1/2/20 RDA Form by Town Clerk | MOOT |
| 176 | 1/2/20 RDA Form by Town Clerk | MOOT |
| 177 | 11/29/18 RDA by Town Clerk | MOOT |
| 178 | 12/4/23 RDA Form by Town Clerk | MOOT |
| 179 | 6/19/23 RDA Form by Finance/Treasure | MOOT |
| 180 | 10/28/22 RDA Form by Social Services | MOOT |
| 181 | 5/9/22 RDA Form by Town Manager | MOOT |
| 182 | 5/9/22 RDA Form by Town Manager | MOOT |
| 183 | Plaintiff's 2015 Tax Return | EX. WITHDRAWN |
| 184 | Plaintiff's 2016 Tax Return | EX. WITHDRAWN |
| 185 | Plaintiff's 2017 Tax Return | SUS except as to W-2 |
| 188 | Plaintiff's 2020 Tax Return | SUS without prejudice to being produced |
| 189 | Plaintiff's 2021 Tax Return | SUS without prejudice to being produced |
| 191 | Plaintiff's 2023 Tax Return | SUS without prejudice to being produced |
| 192 | 10/23/19 Reservation of Rights Letter from Travelers | EX. WITHDRAWN |
| 193 | Dept of VA BELT Assessment Certification of Training | SUS |
| 194 | Dept of VA ESB Written Exam Certificate of Training | SUS |
| 195 | Dept of VA OC Training Certificate of Training | SUS |
| 196 | Dept of VA Bi-Annual Use of Force Certificate | SUS |
| 197 | Dept of VA Standardized Training Course Certificate | ORR |
| 198 | Dept of VA In Service Transcript – Police Response to Sexual Assault | SUS |
| 199 | Dept of VA In Service Transcript – Duty to Intervene | SUS |
| 200 | Dept of VA In Service Transcript – Crisis Intervention | SUS |
| 201 | Dept of VA In Service Transcript – Fair and Impartial Policing | SUS |
| 202 | Dept of VA In Service Transcript – Firearms Safety | SUS |
| 203 | Dept of VA In Service Transcript FY24 OC Training | SUS |
| 204 | Dept of VA In Service Transcript – FY24 ESB Written Exam | SUS |
| 205 | Dept of VA In Service Transcript – FY24 Biannual use of force Part 2 | SUS |
| 206 | Dept of VA In Service Transcript – FY24 BELT Assessment | SUS |

| | | |
|---|---|---|
| 207 | Dept of VA In Service Transcript – BELT Union | SUS |
| 208 | Dept of VA In Service Transcript – BELT Uniform | SUS |
| 209 | Dept of VA In Service Transcript – BELT Stress Mgmt | SUS |
| 210 | Dept of VA In Service Transcript – Belt Roles of VA and Situational Law Enforcement | SUS |
| 211 | Dept of VA In Service Transcript – BELT First Amendment Auditors | SUS |
| 212 | Dept of VA In Service Transcript – BELT Duty to Intervene | SUS |
| 213 | Dept of VA In Service Transcript – BELT Biohazards | SUS |
| 214 | Dept of VA In Service Transcript – BELT AB3 Intro | SUS |
| 215 | Dept of VA In Service Transcript – LETC Training | SUS |
| 216 | Dept of VA – Law Enforcement Training Center – Student Class Transcript | ORR |
| 235 | Current Resume | ORR |
| 236 | Town of Enfield Code of Ethics and Personnel Policies and Procedures | ORR |
| 237 | Enfield Department of Public Safety Police Division – 2017 Special Orders | SUS with exception of 2199-2200 |
| 238 | Letter of Reference from F. Hall | SUS |
| 239 | Affidavit of F. Hall | SUS (unless used pursuant to FRE 613) |

## III. RULINGS ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

| EX. | DESCRIPTION | RULING |
|---|---|---|
| 503 | Officer Performing Rating 10/1/14- 9/30/15 | SUS subject to production of complete document. May be offered on rebuttal. |
| 504 | Performance Management System Conference Report | ORR if offered on rebuttal |
| 505 | Email between Jansen and Plaintiff, 1/3/17 | ORR if offered on rebuttal |
| 508 | Letter from W. Tanner to C. Sferrazza, 5/11/17 | ORR |
| 509 | Record of Training, 6/17/17 | ORR |

## IV. RULINGS ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESSES

| WITNESS | RULING |
|---|---|
| Keith Parent | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Carl Sferrazza | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Fred Hall | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Kevin Ragion | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Nicholas King | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Vanessa Magagnoli | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Steven Prior | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Timothy Gerrish | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Michael Emons | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Gary Collins | SUS as to matters about which the witness has no personal knowledge, in the absence of an exception found within the Federal Rules of Evidence. |
| Captain Golden | ORR WITHOUT PREJUDICE to the extent that any FTEP requirements/ evaluation criteria & POST requirements are identical and necessary for Plaintiff's certification as a police officer and witness has personal knowledge about these matters. |
| Ralph Jensen | ORR if witness is offered on rebuttal. |
| Kelly Bolduc | ORR if witness is offered on rebuttal. |
| William Tanner | ORR |

V. **RULINGS ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESSES**

| WITNESS | RULING |
|---|---|
| Pastor Sean Brown | SUS |
| Shelor Cejour | ORR |
| Christine Chambers | SUS |
| Francis Montano | ORR based on new proffer and limits on testimony as contained in Plaintiff's updated witness list. |
| Tyesha Reese | SUS |
| Kelly Burgess | SUS |

**SO ORDERED.**

Hartford, Connecticut
October 2, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge